UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

TROY SAUL,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendant, and for good cause alleges:

## PRELIMINARY ALLEGATIONS

1. The Plaintiff, TROY SAUL, is a U.S. citizen and resident of Louisiana.

2. Defendant, CARNIVAL CORPORATION ("Carnival"), is a corporation incorporated under the laws of Panama having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant Carnival, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

1

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Carnival Glory*.

5. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the vessel, *Carnival Glory* ("the subject vessel").

## FACTUAL ALLEGATIONS

8. On or about December 19, 2019, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

9. On December 19, 2019, the *Carnival Glory* was underway and engaged in preparations for mooring in Cozumel, Mexico.

10. On or about December 19, 2019, the *Carnival Legend* was already moored to the Cozumel pier.

11. As the *Carnival Glory* was approaching the pier, it diverted from its path and experienced serious mechanical problems, including a loss of control. The risk of an impending allision with the *Carnival Legend* was reasonably foreseeable to Defendant.

12. Asa a result of Defendant's negligence, the *Carnival Glory* violently crashed into the *Carnival Legend*—moored at the pier—causing Plaintiff to sustain injuries while on board the *Carnival Glory*.

13. At the time of the allision, Plaintiff was stationed on deck ten, near the aft of the *Carnival Glory*, and when the *Carnival Glory* crashed into the *Carnival Legend*, Plaintiff turned to move away from the crash area when he sustained severe injuries to his body, including his right foot and ankle.

14. As a result of the allision, the force of the impact from the *Carnival Glory* alliding with the *Carnival Legend* caused the *Carnival Glory* to sustain a large hole into its interior shown below:



15. Despite the fact that the sea conditions were poor and likely to deteriorate during docking around Cozumel, Mexico, and the vessel's docking system was not working properly, was malfunctioning, and/or was defective, Defendant proceeded with its docking plan and disregarded the adverse sea conditions and the safety of its passengers.

16. At all times material hereto, Plaintiff had no prior knowledge or warning of the risks that the docking of the *Carnival Glory* in rough seas, and without properly operating docking system posed to his safety.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

17. At all times material hereto, it was the duty of Defendant Carnival to provide Plaintiff with reasonable care under the circumstances.

18. At all times material hereto, it was the duty of Defendant Carnival to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

19. On or about December 19, 2019, Plaintiff was on deck ten aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant Carnival and a place Defendant Carnival reasonably expected Plaintiff to be in during the cruise.

20. On or about December 19, 2019, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn of harm that was reasonably foreseeable to the subject vessel's passengers, including the Plaintiffs;

   b. Failure to adequately warn its passengers, including the Plaintiff, of the risk(s) and/or hazards posed to them, including, but not limited to, due to the lack of adequate maintenance and/or inspection of the docking functions, and mechanical and electrical systems on board, so as to avoid unreasonable hazards to passengers;

c. Failure to adequately warn passengers, including the Plaintiff, of the dangers of the ship allision; and/or

d. Failure to adequately warn passengers, including Plaintiff, before the Vessel experienced any mechanical and/or technical issues; and/or

e. Failure to adequately warn passengers, including the Plaintiff, of the risk(s) and/or hazards posed to him due to the lack of adequate maintenance and inspection of the docking equipment; and/or

f. Failure to warn Plaintiff of the dangers of rough seas while docking and ambulating aboard the vessel; and/or

g. Failure to adequately warn the Plaintiff of other allision and/or collision accidents previously occurring in the same or similar manner as the Plaintiff's incident.

21. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because the Plaintiff would not have boarded the vessel with malfunctioning docking equipment had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

22. At all material times, Defendant Carnival had exclusive custody and control of the Vessel.

23. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the *Carnival Glory*, its equipment,

docking systems, appurtenances, and gear and/or through prior incidents involving passengers injured due to crashes on and/or involving Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Chantay Ashford v. Carnival Corp.*, Case No. 1:19-cv-24161-BLOOM, D.E. 7, (S.D. Fla. Oct. 16, 2019); *Sallie Smith v. Carnival Corp.*, Case No. 1:19-cv-24154-ALTONAGA, D.E. 1, (S.D. Fla. Oct. 9, 2019); *Toni McKinnon v. Carnival Corp*, Case No. 19-24159-UNGARO, D. E. 1, (S.D. Fla. Oct. 9, 2019); *Harnesk v. Carnival Cruise Lines, Inc.*, Case No. 87-2328-Civ-DAVIS, 1991 WL 329584 (S.D. Fla. 1991).

24. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

26. At all times material hereto, it was the duty of Defendant to maintain the docking equipment aboard the subject vessel in a reasonably safe condition.

27. On or about December 19, 2019, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately operate, maintain, and repair the mechanical and electrical systems on board, including the docking systems, so as to avoid unreasonable hazards to passengers;

   b. Failure to perform an adequate pre-departure inspection of the mechanical and electrical systems on board, including the docking systems;

   c. Failure to promulgate and/or enforce reasonable policies and procedures with regard to adequately inspecting, operating, maintaining, and repairing the mechanical and electrical systems on board, including the docking systems;

   d. Failure to provide passengers, including Plaintiff, with a vessel equipped with adequate docking equipment; and/or

   e. Failure to adequately maintain the vessel, its engines and machinery, so as to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

   f. Failure to adequately inspect and/or maintain the subject docking equipment in a reasonably safe condition; and/or

   g. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject docking equipment in a reasonably safe condition; and/or

   h. Failure to correct hazardous conditions following prior allision and/or collision accidents on the same vessel or Defendant's other similar vessels; and/or

   i. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer his accident.

Case 1:20-cv-24730-RNS   Document 1   Entered on FLSD Docket 11/17/2020   Page 8 of 13

28. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject docking equipment in a reasonably safe condition.

29. At all times material hereto, the docking equipment was an unreasonably dangerous condition that Plaintiff would have no reason of knowing.

30. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the *Carnival Glory*, its equipment, docking systems, appurtenances, and gear and/or through prior incidents involving passengers injured due to crashes on and/or involving Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Chantay Ashford v. Carnival Corp.*, Case No. 1:19-cv-24161-BLOOM, D.E. 7, (S.D. Fla. Oct. 16, 2019); *Sallie Smith v. Carnival Corp.*, Case No. 1:19-cv-24154-ALTONAGA, D.E. 1, (S.D. Fla. Oct. 9, 2019); *Toni McKinnon v. Carnival Corp*, Case No. 19-24159-UNGARO, D. E. 1, (S.D. Fla. Oct. 9, 2019); *Harnesk v. Carnival Cruise Lines, Inc.*, Case No. 87-2328-Civ-DAVIS, 1991 WL 329584 (S.D. Fla. 1991).

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses

8

LIPCON,  MARGULIES,  ALSINA  &  WINKLEMAN,  P.A.

and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

32. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

33. On or about December 19, 2019, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to use reasonable care to provide a safe voyage for Plaintiffs and others similarly situated, fit with proper and adequate machinery, crew, and equipment; and/or

   b. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers on other vessels, like the Plaintiffs, are warned of the danger posed by the subject vessel when Defendant has lost control and an allision is reasonably foreseeable; and/or

   c. Failure to adequately navigate the *Carnival Glory* so as to prevent it from crashing into other passenger vessels; and/or

d. Failure to utilize available equipment when the *Carnival Glory* lost control so as to promptly and adequately maneuver the *Carnival Glory* without unreasonable delay; and/or

e. Failure to adequately man the *Carnival Glory* with a competent Captain, pilot, and/or crew so as to avoid allisions with other passenger vessels; and/or

f. Failure to provide adequate training to the personnel leading and/or supervising the *Carnival Glory*; and/or

g. Failure to provide adequate training to the personnel inspecting, operating, maintaining, and repairing the *Carnival Glory*, its equipment, appurtenances, and gear, which malfunctioned, so as to avoid unreasonable hazards to passengers; and/or

h. Navigating and operating the subject vessel into severe known and foreseeable weather conditions; and/or

i. Failing to have proper policies and procedures in place to determine whether if and when it is appropriate to dock during dangerous weather conditions; and/or

j. Failing to have proper policies and procedures in place to decide when to abandon a previously scheduled itinerary due to adverse weather conditions; and/or

k. Failing to warn passengers of the imminent dangers of approaching foreseeable allision with another vessel and/or foreseeable severe weather, severe wind, and wave conditions, and advising passengers and crew to take shelter, avoid open spaces, and public areas in an effort to limit and or minimize standing and/or sitting and/or walking around during the foreseeable allision event in light of the expected impact and/or weather and sea conditions; and/or

l. Failing to warn passengers of the imminent dangers and advising them to brace or position themselves safely before impact with another vessel; and/or

m. Failure to utilize the PA system and/or audio system on board the vessel to warn passengers, like the Plaintiff, of the foreseeable impact and/or rough seas and hazards that arise while docking in rough seas, including, but not limited to, the dangers of walking about the vessel and potential for vessel allision events.

n. Exposing the vessel to weather and sea conditions that the vessel was unfit for; and/or

o. Failing to promulgate and/or enforce adequate policies and/or procedures to prevent the vessel from docking during dangerous weather conditions; and/or

p. Failing to promulgate and/or enforce adequate policies and procedures aimed at preventing the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

q. Failure to adequately maintain the vessel, its engines and machinery, so as to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

r. Failure to warn of inadequate maintenance aboard the vessel as it was docking during dangerous weather conditions; and/or

s. Failure to determine and/or appreciate the hazards associated with operating the subject vessel's propulsion system while encountering severe weather and sea conditions; and/or

t. Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

34. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

35. At all times material hereto, Defendant failed to have an adequate Safety Management System manual aboard the subject vessel, and/or failed to properly implement the Safety Management System Manual board the subject vessel.

36. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the *Carnival Glory*, its equipment, docking systems, appurtenances, and gear and/or through prior incidents involving passengers injured due to crashes on and/or involving Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Harnesk v. Carnival Cruise Lines, Inc.*, Case No. 87-2328-Civ-DAVIS, 1991 WL 329584 (S.D. Fla. 1991).

37. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Michael A. Winkleman*
    **MICHAEL A. WINKLEMAN**
    Florida Bar No. 36719
    mwinkleman@lipcon.com
    **ANDREW S. FREEDMAN**
    Florida Bar No. 091087
    afreedman@lipcon.com
    **DANIEL W. GRAMMES**
    Florida Bar No. 1010507
    dgrammes@lipcon.com